FILED
COUNTY CLERK

2022 FEB 25 AM 9:49

WHATCOM COUNTY
WASHINGTON

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF WHATCOM

| | |
|---|---|
| GABRIEL LEE CLAYCAMP,<br><br>    Plaintiff,<br><br>        v.<br><br>LALO TRUCKING, INC., a foreign corporation transacting business in the state of Washington, and EDWIN PEREZ and JANE DOE PEREZ, individually, and the marital community composed thereof, and and JOHN DOE 1-5, entities or individuals,<br><br>Jointly and severally,<br><br>    Defendants. | No. 22 2 00229 37<br><br>**COMPLAINT FOR PERSONAL INJURIES IN TORT** |

Plaintiff Gabriel Lee Claycamp by and through his attorneys, Amme Verbarendse and Heather D. Webb, of GLP Attorneys, P.S., Inc., complains and alleges against the above-named Defendants as follows:

### I. PARTIES

1.1   Plaintiff Claycamp was a resident of Whatcom County, Washington at all

**COMPLAINT FOR PERSONAL INJURIES IN TORT - 1**

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651



times relevant and material to this Complaint.

1.2  Defendant Lalo Trucking, Inc. ("Lalo Trucking") a foreign corporation operates as an interstate motor carrier with its principal place of business in Los Angeles, California at all times relevant hereto was transacting business in the State of Washington.

1.3  Lalo Trucking is a foreign corporation incorporated in California.

1.4  Lalo Trucking's registered agent for service of process is Jose Perez in Los Angeles, California.

1.5  Defendant Lalo Trucking was believed to be a private carrier of interstate goods operating under U.S. Department of Transportation (DOT) number 2627368 at all times relevant and material to the claims in this Complaint.

1.6  Defendant Edwin Perez and Jane Doe Perez are husband and wife. All acts alleged herein to have been performed by Edwin Perez were performed by and on behalf of the marital community. Defendants Perez reside in California.

1.7  Defendant Lalo Trucking was the employer of Defendant Edwin Perez at all times relevant to this Complaint. D

1.8  Defendant Lalo Trucking, owned, operated, and controlled the semi-truck driven by its agent and employee, Defendant Edwin Perez.

1.9  At all material times, Defendant Edwin Perez was a commercial truck driver operating the semi-truck and trailer involved in the collision that injured Plaintiff

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 2

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

for the benefit of and in the course and scope of his employment with Defendant Lalo Trucking.

1.10   Plaintiff Claycamp alleges there may be persons or entities whose identity is currently not known and who bear responsibility for the damages he suffered. These persons and or entities are referred to as John Doe 1-5.  When the identity of such persons and/or entities becomes known, these pleadings will be amended to reflect their true identity.

## II. JURISDICTION AND VENUE

2.1   Plaintiff Claycamp, at all times relevant and material to this Complaint, was a resident of Bellingham, Whatcom County, Washington.

2.2   Personal jurisdiction exists over Defendants Edwin Perez and Jane Doe Perez because the "tortious acts" and "omissions" giving rise to and causing Plaintiff Claycamp's injury claims occurred in Whatcom County, Washington. At all times relevant and material to the claims alleged in this Complaint, Defendant Edwin Perez was acting for his personal gain and in furtherance of the benefit of his marital community and in furtherance of the business interests of his principal, Defendant Lalo Trucking.

2.3   Personal jurisdiction exists over Defendant Lalo Trucking because the "tortious acts" and "omissions" giving rise to and causing Plaintiff's injuries occurred in Whatcom County, Washington. Defendant Lalo Trucking was, on information and belief,

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 3

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

a foreign corporation doing business in Whatcom County, Washington at all times material to this Complaint.

2.4   The motor vehicle collision that is the subject of this litigation occurred in Whatcom County, Washington. Venue is proper pursuant to RCW 4.12.020(3) and RCW 4.12.025(3).

### III. FACTS

3.1   Commercial truck drivers operate large and potentially dangerous pieces of equipment and are therefore held to a higher standard of care than regular motorists.

3.2   At the time of the collision, Defendant Edwin Perez was an interstate commercial truck driver licensed under the authority of the laws of the state of California and operating his semi-truck and trailer in Whatcom County, Washington.

3.3   At all material times, Defendant Lalo Trucking was doing business within Whatcom County, Washington.

3.4   At all material times, Defendant Lalo Trucking was an interstate motor carrier, assigning and authorizing its drivers, including Defendant Edwin Perez, to operate its semi-trucks and trailers in Whatcom County, Washington.

3.5   At all material times, Defendant Edwin Perez, was operating as an interstate commercial truck driver for Defendant Lalo Trucking, as its employee and/or agent, and authorized and assigned to operate its semi-truck and trailer in Whatcom County, Washington.

3.6   Defendant Edwin Perez A., at all relevant times, was subject to and

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 4

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

required to obey (1) the minimum regulations and standards established by the Federal Motor Carrier Safety Regulations ("FMCSR") and (2) trucking industry safety standards.

3.7 Defendant Edwin Perez, was required to be knowledgeable and to have the necessary training and education so that he could obey the rules and regulations contained in the FMCSR.

3.8 Defendant Edwin Perez was required to have the necessary training, knowledge and skill to operate his semi-truck and trailer within trucking industry safety standards.

3.9 Defendant Edwin Perez was required to operate the Lalos semi-truck and trailer using principles of safe working and defensive driving.

3.10 Plaintiff Claycamp's injuries arise out of a semi-truck versus automobile collision that occurred on April 11, 2019.

3.11

(a) On April 11, 2019, at approximately 8:15 am Plaintiff Claycamp was travelling northbound on Interstate 5 in his 2008 Ford Fusion.

(b) At the same time and place, Defendant Edwin Perez was traveling northbound on Interstate 5 in a semi-truck and trailer at the request of and with the permission of his principal, Lalo Trucking.

(c) Prior to impact, Defendant Edwin Perez was driving in the left lane of northbound Interstate 5.

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 5

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

(d) Prior to impact, Plaintiff Claycamp was driving in right lane of northbound Interstate 5.

(e) At approximately milepost 252, Defendant Edwin Perez moved into the right lane of northbound Intersate 5 where Plaintiff Claycamp's vehicle was travelling.

(f) The front right corner and tire of the Defendants' semi-truck hit the driver's side of Plaintiff Claycamp's vehicle.

(g) The initial impact spun Plaintiff Claycamp's vehicle underneath Defendant Lalo's Trucking's semi-truck and trailer. Next, Plaintiff Claycamp's vehicle rotated out from under the trailer, spun violently, and came to a rest blocking both northbound travel lanes.

(h) The collision ripped off the front end of Plaintiff Claycamp's vehicle and caused damage to the driver's side. His vehicle was demolished and rendered a total loss.

(i) After the collision impact, Washington State Patrol arrived at the scene and investigated the collision.

(j) Defendant Edwin Perez was cited for Improper Lane Usage.

(k) At the time of the collision the semi-truck was being driven by Defendant Edwin Perez in the course and scope of his employment and driving business with Lalo Trucking.

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 6

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

3.12    Defendant Edwin Perez violated, including but not limited to, the following trucking rules of the road:

    (a)    Keep a proper lookout for other vehicles, especially when merging;

    (b)    Keep a proper lookout of the sides and rear of the truck and trailer to ensure it does not hit anything;

    (c)    Ensure there is enough room on the roadway to safely merge;

    (d)    Drive a semi-truck and trailer with due care;

    (e)    Drive a semi-truck without crashing into other vehicles and objects;

    (f)    Notify the authorities regarding this collision;

    (g)    Provide care for Mr. Claycamp, who was an individual injured in this collision;

    (h)    Exchange information with everyone involved in this collision; and

    (i)    Remain at the scene of a collision, especially when there are injured persons.

    (j)    Travel at a safe speed for road conditions.

    (k)    Drive without any distractions.

3.13    As a direct and proximate cause of the Defendants' negligent and careless conduct, Mr. Claycamp suffered personal injuries, including, but not limited to a traumatic brain injury, shoulder injuries requiring surgery, and neck and back injuries.

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 7

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

## IV. NEGLIGENCE

4.1 <u>Duty – Edwin Perez</u>: Defendant Edwin Perez, through common law, statute, regulation, and/or ordinance, owed Mr. Claycamp a duty to:

(a) Operate his truck with due care;

(b) Drive attentively;

(c) Avoid contacting Mr. Claycamp's Vehicle;

(d) Check blind spots;

(e) Otherwise exercise the requisite standard of care while operating a commercial semi-truck in interstate commerce;

(f) Implement and use principles of safe working and defensive driving;

(g) Travel within his own lane;

(h) Otherwise exercise the requisite standard of care while operating a commercial semi-truck in interstate commerce;

(i) Keep a proper lookout for other vehicles, especially when changing lanes;

(j) Maintain a proper and safe distance from other vehicles; and

(k) Obey the laws and rules of the state of Washington, FMCSR regulations and trucking industry standards.

4.2 <u>Breach</u>: Defendant Edwin Perez breached his duties as set forth in paragraph 4.1.

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 8

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

4.3     <u>Respondeat Superior</u>:  Defendant Lalo Trucking was responsible for the acts and omission of its driver Defendant Edwin Perez, who was acting with the course and scope of his employment with Defendant Lalo Trucking at the time he caused Plaintiff's injuries.

4.4     <u>Duty – Lalo Trucking</u>:  Defendant Lalo Trucking, through common law, statute, regulation, and/or ordinance owed Mr. Claycamp a duty to:

(a)     Investigate, hire, and retain qualified drivers;

(b)     Exercise reasonable care in the training of its delivery drivers, including Defendant Edwin Perez;

(c)     Ensure that its drivers are properly trained and knowledge about laws and rules of the state of Washington, FMCSR regulations and trucking industry standards.

(d)     Ensure Defendant Edwin Perez operated the semi-truck in a lawful and safe manner;

(e)     Ensure Defendant Edwin Perez followed all relevant safety regulations pertaining to the operation of commercial trucks in interstate commerce;

(f)     Provide proper instruction to its delivery drivers; and

(g)     Exercise ordinary and reasonable care in handling commercial interstate delivery vehicles.

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 9

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

4.5     Breach: Defendant Lalo Trucking breached its duties as set forth in paragraph 4.4.

4.6     Proximate Cause: As a direct and proximate cause of Defendants' breach of their duties, as set forth in paragraphs 4.1 through 4.5, Mr. Claycamp has suffered personal injuries, including, but not limited to, his head, shoulders, neck, back, and legs.

4.7     No Meritorious Defenses: Defendants have no meritorious defenses against Plaintiff's allegations stated in paragraphs 4.1 through 4.6.

## V. NEGLIGENT ENTRUSTMENT

5.1     The damages incurred by Plaintiff were a direct result of entrustment of Defendant Lalo Trucking, by allowing the use of the semi-truck by Defendant driver Edwin Perez in a negligent and reckless manner, which, because of his inexperience and history, Defendant Lalo Trucking knew or should have known that entrusting a semi-truck to Defendant driver Edwin Perez created an unreasonable risk of harm to others while driving a semi- truck.

5.2     Defendant Lalo Trucking, as the employer of Defendant driver Edwin Perez, had the right to permit and the power to prohibit the use of this semi-truck by Defendant driver Edwin Perez.

5.3     Defendant Lalo Trucking knew or should have known Defendant driver Edwin Perez, because of his inexperience and history, was likely to drive his semi-truck in a negligent and reckless manner.

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 10

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

5.4 Without any contributory negligence, Mr. Claycamp suffered injuries as a direct result of Defendant Lalo Trucking negligently entrusting Defendant driver Edwin Perez, who operated said semi-truck owned by Defendant Lalo Trucking in a negligent and reckless manner

## VI. NEGLIGENT HIRING AND RETENTION

6.1 Defendant Lalo Trucking had a duty to use reasonable care to select an employee who was competent and fit to perform the duties required as an employee. Defendant Lalo Trucking owed such duty to Mr. Claycamp and such duty was breached.

6.2 Defendant Lalo Trucking knew or should have known Defendant driver Edwin Perez would likely operate a motor vehicle in a negligent and reckless manner.

6.3 Defendant Lalo Trucking knew or should have known Defendant driver Edwin Perez was not competent or fit for the duties required of him as an employee. Defendant Lalo Trucking breached their duty to use reasonable care to select and retain an employee that was competent and fit for the position.

6.4 As a result of Defendant Lalo Trucking's negligence in hiring and retaining Defendant driver Edwin Perez, Mr. Claycamp was injured, as outlined herein.

## VII. NEGLIGENT TRAINING

7.1 Defendant Lalo Trucking had a duty to provide and ensure Defendant driver Edwin Perez demonstrated proficiency in knowledge training and behind-the-wheel training on a driving range and on a public road, with training obtained from an

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 11

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

instructional program that met Federal Motor Carrier Safety Administration ("FMCSA") standards.

7.2 Defendant Lalo Trucking knew or should have known Defendant driver Edwin Perez did not meet the standards for the knowledge and skills necessary for the safe operation of commercial motor vehicles.

7.3 Defendant Lalo Trucking breached their duties by not ensuring Defendant driver Edwin Perez met the minimum qualifications required by FMCSA.

7.4 As a result of Defendant Lalo Trucking's negligence in training Defendant driver Edwin Perez, Mr. Claycamp was injured, as outlined herein.

## VIII. NO COMPARATIVE FAULT

8.1 Mr. Claycamp was without negligence of any kind whatsoever and did not contribute to his injuries or damages in any way.

## IX. AGENCY

9.1 The above-described acts of Defendant driver Edwin Perez were committed while he was acting as an agent, servant, and/or employee of Defendant Lalo Trucking.

9.2 The above-described acts of Defendant driver Edwin Perez were committed within the scope of his agency and while furthering the business interests of Defendant Lalo Trucking.

9.3 As the principals for Defendant driver Edwin Perez, Defendant Lalo Trucking was responsible and liable for all of the acts and omissions, failures, negligence and reckless conduct of Defendant driver Edwin Perez within the scope of his agency.

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 12

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

## X. DAMAGES

10.1   As a direct and proximate cause of all Defendants' negligent, careless, reckless, and unlawful conduct, Mr. Claycamp has suffered, and will continue to suffer for an indefinite period of time, special and general damages, including, but not limited to:

(a) Severe, permanent, and debilitating injuries, including, but not limited to, his head, neck, and back injuries;

(b) Reasonable and necessary expenses, both past and future, for health care and treatment of his injuries in an amount to be proven at the time of trial;

(c) Out of pocket expenses and other special damages, in an amount to be proven at the time of trial;

(d) Past and future wage loss, and loss of future earning capacity;

(e) Severe physical and mental pain, suffering and humiliation, and distress, both past and future;

(f) Loss of capacity and ability to enjoy life, both past and future; and

(g) Loss of pre-judgment interest on all economic damages.

10.2   Mr. Claycamp's injuries are ongoing and will continue for an indefinite period of time into the future. Mr. Claycamp specifically reserves his right to amend this Complaint at any time before trial in this matter.

10.3   Mr. Claycamp is entitled to reasonable attorneys' fees.

10.4   Mr. Claycamp is entitled to costs and disbursements herein.

10.5   <u>Punitive Damages:</u> Defendant Lalo Trucking is incorporated in California. Defendant driver Edwin Perez resides in California. Defendants Lalo Trucking and

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 13

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

Edwin Perez made intentional and/or willful and wanton personal decisions and actions that led to the April 11, 2019 collision, which proximately caused injuries to Mr. Claycamp. California allows for punitive damages when a Defendant's actions are intentional, or willful and wanton. Mr. Claycamp will request that the jury award punitive damages against Lalo Trucking for any intentional and/or willful and wanton actions of the Defendants.

### XI. <u>WAIVER OF PHYSICIAN/PATIENT PRIVILEGE</u>

11.1   Mr. Claycamp asserts the physician/patient privilege for 88 days following the filing of this Complaint. On the 89th day following the filing of this Complaint, the Mr. Claycamp hereby waives the physician/patient privilege.

11.2   The waiver is conditioned and limited as follows: (1) Mr. Claycamp does not waive his constitutional right of privacy; (2) Mr. Claycamp does not authorize contact with any of his health care providers except by judicial proceeding authorized by the Rules of Civil Procedure; (3) Defendants' representatives are specifically instructed not to attempt ex parte contacts with Mr. Claycamp's health care providers; and (4) Defendants' representatives are specifically instructed not to write letters to Mr. Claycamp's health care providers telling them that they may mail copies of records to the Defendants.

In the case of *Loudon v. Mhyre*, 110 Wn.2d 675, 756 P.2d 138 (1988), the Supreme Court dealt very simply with the issue of ex parte contact with the plaintiffs' physicians:

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 14

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651

The issue presented is whether defense counsel in a personal injury action may communicate ex parte with the Plaintiff's treating physicians when the Plaintiff has waived the physician/patient privilege. We hold that defense counsel may not engage in ex parte contact, but is limited to the formal discovery methods provided by court rule.

*Id.* at 675-676, 756 P.2d at 139.

## XII. RELIEF SOUGHT

Plaintiff Claycamp seeks judgment to be entered against the Defendants, individually, and against their marital community, jointly and severally, in such amounts as will reasonably and justly compensate Plaintiff Claycamp for all his damages sustained as set forth herein, together with costs, pre-judgment interest, reasonable attorneys' fees, and such other further relief as the court deems just and proper.

DATED THIS 14th day of February, 2022.

GLP ATTORNEYS, P.S., INC.

*[signature]*

Heather D. Webb, WSBA #39257
Amme Verbarendse, WSBA #52845
Attorney for Plaintiff

COMPLAINT FOR PERSONAL
INJURIES IN TORT - 15

GLP ATTORNEYS, P.S., INC.
ATTORNEYS AT LAW
1854 S. BURLINGTON BLVD.
BURLINGTON, WA 98233
800.273.5005
FACSIMILE 360.588.4651