UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIEL LEE CLAYCAMP,<br><br>Plaintiff,<br><br>v.<br><br>LALO TRUCKING, INC., *et al.*,<br><br>Defendants. | Cause No. C22-0292RSL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

This matter comes before the Court on "Defendants' Motion for Judgment on the Pleadings." Dkt. # 8. Plaintiff concedes that his direct negligence claim against defendant Lalo Trucking and his claim against Jane Doe Perez should be dismissed. Dkt. # 11 at 2. The sole remaining issue is whether plaintiff can pursue a claim for punitive damages under California law against defendant Lalo Trucking.[1]

This case arises out of a motor vehicle accident that occurred on I-5 in Whatcom County, Washington. Defendant Edwin Perez was operating a commercial motor vehicle on the highway. In the lane to Perez' right, plaintiff was operating a car near the blind spot. Perez turned on his right blinker and began making a lane change. his truck contacted plaintiff's vehicle, resulting in an accident. Perez has admitted negligence, and Lalo Trucking has admitted its vicarious liability for that negligence.

---

[1] Plaintiff has not asserted a claim for punitive damages against defendant Edwin Perez. Dkt. # 1-1 at ¶ 10.5.

1   "Federal courts sitting in diversity must apply 'the forum state's choice of law rules to determine the controlling substantive law." *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005) (quoting *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002)). Plaintiff argues that application of Washington's choice-of-law jurisprudence makes clear that California law governs his punitive damage claim. Defendants disagree. "[W]hen choice of law is disputed, there must be an actual conflict between the laws or interests of Washington and the laws or interests of another state before Washington courts will engage in a conflict of laws analysis." *FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc.*, 180 Wn.2d 954, 967 (2014). Washington and California law clearly diverge on whether punitive damages are available in personal injury cases. Whereas Washington law generally forbids the recovery of punitive damages, California allows punitive damages in trucking cases where, *inter alia*, the employer had advance knowledge that a driver lacked the knowledge and skills necessary for the safe operation of the commercial motor vehicle and yet entrusted it to him with a conscious disregard of the rights or safety of others. *See CRST, Inc. v. Superior Ct.*, 11 Cal. App. 5th 1255, 1262, 218 Cal. Rptr. 3d 664, 670 (2017), as modified (June 19, 2017).[2]

In determining which law applies, Washington utilizes a two-step "most significant relationship" test set forth in Restatement (Second) of Conflicts of Laws ¶¶ 6 and 145-46. *Woodward v. Taylor*, 184 Wn.2d 911, 917 (2016).

> For the first part of the most significant relationship test, the court evaluates the contacts each interested jurisdiction has with the parties and the occurrence under the factors of Restatement section 145 plus any more specific section of the Restatement that is relevant to the cause of action. The approach is not merely to count contacts, but rather to consider which contacts are most significant and to determine where these contacts are found.

---

[2] Defendants point out that punitive damages are a remedy, not an independent claim, under California law, and argue that punitive damages are unavailable when the only remaining cause of action is for vicarious liability. To the contrary, "under a suitable demonstration of employer misconduct, a vicariously liable employer may be subject to an award of punitive damages when an employee was negligent." *CRST*, 11 Cal. App. 5th at 1261.

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

> For the second part of the most significant relationship test, the court must then evaluate the interests and policies of the potentially concerned jurisdictions by applying the factors set forth in Restatement section 6.

*Woodward*, 184 Wn.2d at 918-19 (internal footnotes, citations, and quotation marks omitted). Pursuant to Restatement § 145(2), the contacts to be taken into account when determining which state has the most significant relationship to a tort claim include:

> (a) the place where the injury occurred,
>
> (b) the place where the conduct causing the injury occurred,
>
> (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and
>
> (d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue. *Johnson v. Spider Staging Corp.*, 87 Wn.2d 577, 581 (1976).

The § 145 factors are fairly balanced. While the accident giving rise to plaintiff's claims occurred in Washington, there is no "relationship" between the parties apart from the accident itself, and the residence of the parties is divided between Washington and California, with one party in Washington and the other two parties in California. When considering the place where the conduct causing the injury occurred, plaintiff's claim for punitive damages – the particular issue that is subject to the conflict of laws analysis – is based on the allegation that Lalo Trucking recklessly entrusted a commercial motor vehicle to Perez, conduct which occurred in California. Washington courts have held that the most significant factor related to a punitive damages claim is where the bad behavior that justifies exemplary damages occurred. *See Kammerer v. Western Gear Corp.*, 96 Wn.2d 416, 423 (1981); *Barr v. Interbay Citizens Bank*, 96 Wn.2d 692, 699 (1981); *Singh v. Edwards Lifesciences Corp.*, 151 Wn. App. 137, 146 (2009).

ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

The quantitative and qualitative balance of the § 145 factors weakly supports the application of California law to the punitive damages issue.

Under Restatement (Second) of Conflict of Laws § 6, the Court considers the interests and policies of the potentially concerned jurisdictions by weighing factors including:

(a) the needs of the interstate and international systems,

(b) the relevant policies of the forum,

(c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue,

(d) the protection of justified expectations,

(e) the basic policies underlying the particular field of law,

(f) certainty, predictability and uniformity of result, and

(g) ease in the determination and application of the law to be applied.

In their analysis of the § 6 factors, defendants focus on Washington's interest in "enforcing its own rules of the road" (Dkt. # 12 at 7), but the focus of the claim for punitive damages is whether Lalo Trucking knew that Perez lacked the knowledge and skills necessary for the safe operation of a semi-truck and yet entrusted it to him with a conscious disregard of the rights or safety of others. As discussed in the context of § 145, the conduct at issue occurred in California, which has an interest in ensuring that its employers responsibly allocate tasks to capable employees. Washington's desire to shield its citizens from punitive damage awards is not implicated here, where the defendant is from California and should reasonably have expected to be subject to that state's interests and policies. The other § 6 factors do not appear to be relevant.

For all of the foregoing reasons, the Court concludes that the two-part choice-of-law analysis leads to the conclusion that California law applies to the issue of whether Lalo

Trucking's conduct could justify an award of punitive damages. Defendants' motion for judgment on the pleadings is GRANTED in part and DENIED in part. Plaintiff's direct negligence claims against defendant Lalo Trucking and his claim against Jane Doe Perez are hereby DISMISSED. His punitive damage claim against Lalo Trucking may proceed under California law.

Dated this 20th day of April, 2022.

*[signature]*
Robert S. Lasnik
United States District Judge